UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERYNE W. CLARK, JR.,

Plaintiff,

Hon. Robert J. Jonker

v.

Case No. 1:26-cv-315

PATRICK VANDOMMELEN, et al.

Defendants.
_____________________________________/

**REPORT AND RECOMMENDATION**

Presently before me is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6). (ECF No. 10.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the motion and **dismiss** this action.

## I. Background

Because my January 30, 2026 Report and Recommendation fully discusses Plaintiff's complaint allegations (ECF No. 5 at PageID.32), I adopt and incorporate that discussion here.

## II. Motion Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility

standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

## III. Discussion

The January 30, 2026 Report and Recommendation identified several deficiencies with Plaintiff's complaint. First, it noted that the complaint simply lumps all Defendants together without identifying what each Defendant did to violate Plaintiff's rights. This is insufficient to give Defendants fair notice of the claims against them. (*Id.* at PageID.32.) Second, the Report and Recommendation noted that Plaintiff failed to adequately allege a denial-of-access to the courts claim as he had not identified an underlying action or his lost remedy as a result of the denial. (*Id.*). Finally, the Report and Recommendation found that Plaintiff's retaliation claim was nothing more than a legal conclusion lacking any factual development. (*Id.* at PageID.32–33.)

Defendants raise these same deficiencies in their motion to dismiss, and the motion is persuasive. In his response, Plaintiff fails meaningfully to address these deficiencies. Rather, he suggests that he "possesses additional records and evidence that can provide further factual detail

and more specifically identify the conduct attributed to each Defendant," which he seeks to present through an amended pleading. (ECF No. 17 at PageID.73.)

Plaintiff has neither filed a motion for leave to amend nor presented a proposed amendment for review. A court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Leave should be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). A court must have knowledge of the substance of the proposed amendment to determine whether "justice so requires," and does not abuse its discretion by denying leave where the plaintiff fails to submit a proposed amended complaint or otherwise disclose what amendments he intends to make. *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002). Here, because Plaintiff fails to present a proposed amendment for review, there is no way to determine whether justice requires that leave be granted. Therefore, Plaintiff has failed to demonstrate that amendment is warranted.

## III. Conclusion

For the reasons set forth above and in the January 30, 2026 Report and Recommendation, I recommend that the Court **grant** Defendants' Motion to Dismiss (ECF No. 10) and **dismiss** this action **with prejudice**.

Dated: July 9, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).